Argued and submitted April 6, affirmed July 22, 1992

STATE OF OREGON,
Acting by and through the
DIRECTOR OF VETERANS' AFFAIRS,
*Respondent,*

*v.*

Daniel L. MYERS;
Patricia L. Myers;
City of Klamath Falls;
J. C. Smith, dba ABC Affiliates,
and William M. Ganong,
*Defendants,*

*and*

Anne PARKER,
individually and as Executor of the
Estate of Robert Parker, dba ABC Affiliates,
*Appellant.*

(89-03276CV; CA A69203)

835 P2d 137

William M. Ganong, Klamath Falls, argued the cause and filed the briefs for appellant.

Cynthia A. Forbes, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant[1] appeals a judgment foreclosing plaintiff's mortgage on real property in Klamath Falls (City) after City's non-judicial foreclosure of its improvement lien on the same property. We affirm.

Defendants Myers granted to plaintiff, State of Oregon, acting by and through the Director of Veterans' Affairs, a mortgage on their real property in Klamath Falls to secure the payment of a promissory note. The mortgage was duly recorded on November 1, 1979. In 1985, after the Myerses failed to make payments on a sidewalk assessment, City foreclosed its improvement lien pursuant to ORS 223.510. Defendants Smith and Parker, dba ABC Affiliates, purchased the property at the foreclosure sale for $700. City issued them a certificate of sale in December, 1985, and, in December, 1986, after the time for redemption had expired, a deed. City did not give plaintiff notice of the proposed foreclosure sale, and plaintiff did not learn of it until February, 1987.

Payments under plaintiff's mortgage became delinquent, and plaintiff filed this action seeking, *inter alia*,[2] to foreclose its mortgage and a declaration that city's deed did not affect plaintiff's mortgage lien, because City had not provided plaintiff with notice of its foreclosure sale, as required by ORS 233.523(2). Defendants moved to dismiss, contending that City's deed to them conveyed fee simple title free of all incumbrances, unless a lien holder could prove fraud, invalidity of the assessment lien, payment or redemption. ORS 223.575. The court denied that motion, agreeing with plaintiff that any lien not included in City's foreclosure proceeding had not been extinguished. After defendants filed

---

[1] Defendants included Daniel and Patricia Myers, City of Klamath Falls, J. C. Smith, dba ABC Affiliates, Anne Parker, individually and as executor of the estate of Robert Parker, dba ABC Affiliates, and Ganong. City and Ganong were dismissed before the first amended complaint was filed, and the court entered a default order against Daniel Myers and Smith; Patricia Myers did not appear. Only Anne Parker, individually and as executor of the estate of Robert Parker, dba ABC Affiliates, appeals. We refer to her as defendant.

[2] Plaintiff also alleged that the one-year redemption period of ORS 223.565 does not apply to it; that ABC Affiliates was not a legal entity and, therefore, could not accept the deed; fraud; unjust enrichment; and estoppel. It also sought a declaration that ABC Affiliates defrauded plaintiff within the meaning of ORS 233.575(3).

an answer, plaintiff filed a motion for partial summary judgment, which the court granted. The court then granted plaintiff a money judgment against the Myerses, foreclosed plaintiff's mortgage and ordered that the property be sold at a sheriff's sale. Defendant assigns error to the court's dispositions of those motions.

At the relevant time, the statutes relevant to City's foreclosure provided, in part:

"The treasurer *shall also send a notice* containing the same information required in a published notice under subsection (1) of this section by registered or certified mail at least 60 days prior to the sale to * * * *any person having a lien* or other interest *in the real property* to be sold *if the lien or interest appears of record.*" ORS 223.523(2) (*since amended by* Or Laws 1991, ch 902, § 58). (Emphasis supplied.)

"*A sale of real property* under ORS 223.505 to 223.590 *conveys to the purchaser*, subject to redemption as provided in ORS 223.565 to 223.590, *all estates*, interest, liens or claims therein or thereto *of any persons*, together with all rights and appurtenances thereunto belonging, *excepting* only the lien of the city on such assessments or *liens as are not included in the foreclosure proceedings.*" ORS 223.530 (*since amended by* Or Laws 1991, ch 902, § 60). (Emphasis supplied.)

"The effect of the deed shall be to convey to the grantee therein named the legal and equitable title in fee simple, to the real property described in the deed, *excepting only the lien of the city on such assessments or liens as were not included in the foreclosure proceedings.* The deed shall be prima facie evidence of title in the grantee, *except as stated in this section* * * *. Such prima facie evidence shall not be disputed, overcome or rebutted, or the effect thereof avoided, except by satisfactory proof of either:

"(1)  Fraud in making the final assessment or in the final assessment, or in the procuring [sic] of the lien.

"(2)  Payment of the final assessment or lien before sale or redemption after sale.

"(3)  That payment or redemption was prevented by fraud of the purchaser.

"(4)  That the property was sold for a lien or assessment for which neither the property nor its owner, at the time of sale, was liable, and that no part of the assessment or lien was

assessed or levied upon the property sold." ORS 223.575 (*since amended by* Or Laws 1991, ch 902, § 67). (Emphasis supplied.)

Given that City concedes that it did not give plaintiff the notice required by ORS 223.523(2), it would appear to be clear that plaintiff's lien was not affected by City's foreclosure. A lien is not "included in the foreclosure proceedings" unless the holder is given the required notice. However, defendants contend that *Scoggins v. State Construction*, 259 Or 371, 485 P2d 391 (1971), holds that the issuance of a deed to the purchaser cures any defect, because

"[t]his statute [ORS 223.575] provides in essence that the deed is prima facie evidence that all notices required by statute, such as notice of foreclosure, sale, etc., have been given. The act also provides that this prima facie evidence cannot be disputed except for the four grounds set out in the statute." 259 Or at 374.

In that case, the owner of the foreclosed property did not receive notice of a delinquent assessment for sidewalk construction or of the city's foreclosure sale. At that time, there was no statutory requirement that the owner be given notice.[3] She did not argue that her property had been taken without due process; instead, she relied only on fraud, and the court held that she had not proven fraud, as required by ORS 223.575. Accordingly, the quoted language must be limited to the only issue that the court decided.

Here, plaintiff contends that it holds a lien that was "not included in the foreclosure proceedings," because it was not given the notice required by ORS 223.523(2). In short, it was never made a party to the foreclosure. ORS 223.575 provides that the deed is *prima facie* evidence of title in the grantee, except for liens "not included in the foreclosure

---

[3] The legislature added the notice statute, ORS 223.523, in 1977, six years after *Scoggins* was decided. That provision provided that notice be sent to the owner and occupant of the real property to be sold. The legislative history indicates that the statute was added to avoid the situation in which "a lady in Portland * * * lost her home because she had not received a lien notice." *Relating to Liens of Municipal Corporations: Hearings on SB 22 Before the Senate Committee on Local Government and Elections*, January 26, 1977 (Statement of Jim Chress). The fact that the *Scoggins* case received wide publicity, *see The Oregonian*, July 23, 1971, at 1, col. 3; *The Oregonian*, July 24, 1971, at 1, col. 6, strongly suggests that the legislature's 1977 revision was a direct result of the decision in that case. In 1985, the legislature added a requirement of notice to lienholders. Or Laws 1985, ch 231, § 1.

proceeding." *See also* ORS 223.530. Because plaintiff's lien was not included in the city's foreclosure proceeding, the lien survived the foreclosure sale, and defendant took the property subject to plaintiff's lien. The trial court did not err in denying defendant's motion to dismiss or in granting plaintiff's motion for summary judgment.

Affirmed.